# Supreme Court of the Navajo Nation

**PC&M Construction Company, Appellant,**

v.

**Navajo Nation and Navajo Department
of Financial Services, Appellees.
Decided November 16, 1993**

## OPINION

Before YAZZIE, Chief Justice, and AUSTIN, Associate Justice.

John Chapela, Esq., Window Rock, Navajo Nation (Arizona), for the Appellant; and Richard L. Davies, Esq., Navajo Nation Department of Justice, Window Rock, Navajo Nation (Arizona), for the Appellee.

Opinion delivered by Austin, Associate Justice.

On April 30, 1992, the Navajo Nation Labor Commission (Commission) entered a final decision in a dispute betwen PC&M Construction Company (PC&M) and Office of Navajo Labor Relations (ONLR). ONLR was acting in an *ex rel.* capacity for three construction workers who were contracted to work on PC&M's site. The Commission held against PC&M for its failure to pay the prevailing wage rate established by ONLR. ONLR attempted to execute on the judgment by offsetting the outstanding money judgment against any money the Navajo Nation owed PC&M. PC&M appealed the Navajo Nation's intent to offset.

The issue before the Court derives from a January 27, 1993 hearing before a hearing officer from the Department of Financial Services, where PC&M stated it would not submit any evidence. Transcript at 2. PC&M agreed to proceed only on the evidence submitted by the Navajo Nation and the oral arguments. *Id.* Following that hearing, the hearing officer upheld the Nation's intent to offset. PC&M appealed the hearing officer's decision and the Nation now moves to strike portions of PC&M's opening brief as extraneous to the record made before the hearing officer.

The Supreme Court is required to decided cases on appeal based upon the record established below. 7 N.T.C. § 803 (1985); NRCAP 9, 11(a)(4). The record on appeal consists of papers, exhibits, and other objects entered into evidence with the district court or administrative agency and a reporter's transcript. NRCAP 9(a)(1). Either party may use or argue any portion of the record on appeal in his or her brief. NRCAP 9(a)(3). The brief cannot contain evidentiary

matters which are immaterial to the appeal, and reference must be made to the record. NRCAP 11(a)(4). Thus, documents or statements made outside the record of appeal cannot be included in a party's brief.

In the case at bar, PC&M used documents in its brief that are not part of the record on appeal. PC&M included Exhibits A-F in its brief, and they are not a part of the record on appeal. Exhibit A is an invitation to bid on the buildings, which is not a part of the record on appeal. Exhibit B is a letter from the Executive Director of the Navajo Division of Community Development and it is not included in the record on appeal. Exhibit C is a cost breakdown from PC&M and it is not in the record on appeal. Exhibit D is a letter from Ron Prows to Native American Contractors & Supply confirming a subcontract. It is also not included in the record on appeal. Exhibit E is a letter from the Navajo Nation to Native American Contractors & Supply stating the wage waiver had not been granted and it is not included in the record on appeal. Exhibit F is an invoice from Ron Prows to Native American Contractors & Supply, which is not included in the record on appeal.

The documents, Exhibits A-F, used by PC&M are not a part of the record on appeal; thus, they are not within the Court's scope of review and shall be stricken from PC&M's brief. PC&M had every opportunity to file evidence with the hearing officer, but chose not to do so. A statement of facts in the brief may refer to the record, however, it cannot contain evidentiary matters unless they are material to the issues presented. NRCAP 11(a)(4). The documents used by PC&M are immaterial because they are outside the record on appeal. PC&M agreed at the agency hearing that it would not submit any evidence to the record and it would proceed on its oral argument only. Because PC&M waived its right to submit evidence to the record, it cannot reopen the record on appeal and use documents in its brief that are outside the record of appeal. Thus, Exhibits A-F shall be stricken from the record.

References to those documents within the brief are also not permissible, because they are outside the record of appeal. Pages 2-3 (lines 19-11) contain references to the specific wording of Exhibits B and C, which were never entered into the record on appeal. Page 3 (lines 20-23) contains specific statements from Exhibit D, which was also never entered into the record on appeal. Page 4 (lines 1-22) contains specific references to Exhibits B, E, and F, which are not a part of the record on appeal. Those Exhibits are not part of the record on appeal, thus, the material within them cannot be used for the Court's review and shall be stricken.

Also, Page 3 (lines 26-28) contains a quoted statement from one of the individuals employed by Ron Prows. However, there is no testimony or affidavits from any of the employees in the record on appeal. Thus, because those statements are not a part of the record on appeal, they shall be stricken from the brief.

Furthermore, appeals before the Supreme Court are limited to issues of law raised in the record on appeal. 7 N.T.C. § 803. On Page i, Argument B, and Page 1, Paragraph 2, PC&M states its argument for justified reliance on the verbal

assurance of Merwin Lynch that the prevailing wage rate was waived, which comprises Pages 10-15 of PC&M's brief. Also, Page 16 (lines 9-17) contains the argument that if the Court decides PC&M should pay the prevailing wage rate, then the Court should direct the Nation to increase the budget for the project. Those arguments were not raised at the hearing or in the documents introduced as evidence to the hearing officer. Again, PC&M agreed to proceed only on the oral arguments and the material submitted by the Nation. Thus, those arguments cannot be raised for the first time on appeal, because they were not preserved in the lower tribunal. 7 N.T.C. § 803. As a result, Argument B on Pages 10-15, references to this argument on Page i, Argument B, and Page 1, paragraph 2, and page 16 (lines 9-17) shall be stricken.

Only that evidence which is made a part of the record in the district court or the agency proceeding can be reviewed by this Court on appeal. PC&M agreed to be bound by the record on appeal and that is how this appeal shall proceed. It is so ORDERED.